Ronald D. SCINOCCA, Respondent,

v.

ST. LOUIS COUNTY BOARD OF COM-
MISSIONERS et al., Appellants.

No. 48292.

Supreme Court of Minnesota.

May 25, 1979.

Rehearing Denied July 5, 1979.

Keith M. Brownell, County Atty., and Michael R. Dean, Asst. County Atty., Duluth, for appellants.

Bruce E. Coleman, Duluth, for respondent.

Raphael J. Miller, President, Gaylord, and Stephen J. Askew, St. Paul (for Minnesota County Attorneys Council), amicus curiae.

WAHL, Justice.

This appeal involves a mandamus proceeding in which the St. Louis County District Court ordered the St. Louis County Board of Commissioners and the St. Louis County Attorney to enforce the zoning ordinances of the Town of Canosia. We reverse.

Prior to October 1976, lands in the Town of Canosia were governed by the St. Louis County Zoning Ordinance. On October 6, 1976, the Town Board of Canosia adopted a more restrictive zoning ordinance. In January or February 1977, a single-family dwelling was·moved onto land in the Town of Canosia without a proper sewage permit in violation of the Town's ordinance. When the violator did not comply with the ordinance within 10 days, a misdemeanor citation was issued, and the county court referred the matter to the St. Louis County

Attorney's Office for handling. The county attorney refused to pursue the matter on the grounds that he did not have the authority or responsibility to prosecute town zoning ordinance violations. The county attorney's office arranged for a continuance of the case so that the Town Board of Canosia would have time to employ an attorney if it wished to proceed with the prosecution of the violation.

Plaintiff, a resident and taxpayer of.the Town of Canosia and St. Louis County, then requested the St. Louis County Board of Commissioners to authorize the county attorney to enforce Town of Canosia zoning ordinances. The county board refused to do so, and plaintiff sued for a writ of mandamus. The Town of Canosia encouraged the suit but is not a party to it.

The district court found that Town of Canosia zoning ordinances were enacted pursuant to Minn. St. 394.33 and held, therefore, that the county board had the duty to enforce such ordinances pursuant to Minn. St. 394.37, subd. 1. The district court also held that Minn. St. 487.25, subd. 10, imposed a mandatory duty on the county attorney to prosecute town zoning ordinance violations. The court reasoned that a town was a municipality for the purposes of this statute and that if the municipality did not have an attorney, the county attorney was required to enforce the municipality's ordinances. In the alternative, the court held that the phrase "all other offenses" included town zoning ordinance violations.

The issues presented by this appeal are: (1) whether plaintiff has standing to bring this action; (2) whether mandamus is the appropriate remedy; (3) whether the county board has a mandatory duty to enforce town zoning ordinances; and (4) whether the county attorney has a mandatory duty to enforce such ordinances.

1. Plaintiff, as a county taxpayer, has standing to institute a mandamus proceeding against the county board if that board is required to enforce town zoning

ordinances. Minn. St. 394.37, subd. 4.[1] Whether the county board has this duty involves the merits of this appeal. Plaintiff also has standing to institute a mandamus proceeding against the county attorney, because any party who is beneficially interested may sue for mandamus. Minn. St. 586.-02. Plaintiff, as a resident and taxpayer, has an interest in ensuring that town zoning ordinances are enforced, which is sufficient to confer standing in this case.

 2. Mandamus may be used to review a refusal to exercise any discretion whatsoever or to review the arbitrary and capricious exercise of discretion. *State ex rel. South St. Paul v. Hetherington*, 240 Minn. 298, 301, 61 N.W.2d 737, 740 (1953). Thus, mandamus is appropriate in this case to review the county attorney's refusal to prosecute any town zoning ordinance violations. Mandamus, however, would not be appropriate to compel the county attorney to initiate a specific prosecution.

3. Plaintiff contends, and the trial court held, that the county board has a mandatory duty to enforce Town of Canosia Zoning Ordinance No. 76–100. The county board's duty to enforce zoning ordinances is defined in Minn. St. 394.37, subd. 1, which provides:

"* * * The board shall provide for the enforcement of sections 394.21 to 394.37 and of ordinances and regulations made thereunder, and may impose enforcement duties on any officer, department, agency, or employee of the county. * * *"

The ordinances and regulations referred to in this statute are only those adopted by the county board of commissioners. Minn. St. 394.37, subd. 2; Minn. St. 394.22, subd. 2. Minn. Sts. 394.21 to 394.37 regulate county zoning, while town zoning is regulated by Minn. Sts. 366.10 to 366.18.

 Minn. St. 394.33[2] is not an enabling statute which grants towns authority to enact zoning ordinances. It merely permits them to continue to zone as provided by law under Minn. St. 366.12. Minn. St. 394.33, in conjunction with Minn. St. 394.32[3] does al-

---

1. Minn. St. 394.37, subd. 4, provides:

"Any taxpayer of the county may institute mandamus proceedings in district court to compel specific performance by the proper official or officials of any duty required by sections 394.21 to 394.37 or by any ordinance adopted thereunder."

2. Minn. St. 394.33 provides:

"Subdivision 1. The governing body of any town including any town with the powers of a statutory city pursuant to law may continue to exercise the authority to plan and zone as provided by law, but after the adoption of official controls for a county or portion thereof by the board of county commissioners no town shall enact or enforce official controls inconsistent with or less restrictive than the standards prescribed in the official controls adopted by the board. Nothing in this section shall limit any town's power to adopt official controls, including shoreland regulations which are more restrictive than provided in the controls adopted by the county. Upon the adoption or amendment of any official controls the governing body of the town shall file a certified copy thereof with the county recorder or registrar of titles for record. A certified copy of any official controls of any town which are in effect on August 1, 1974, shall also be filed by the governing body of the town with the county recorder or registrar of titles for record within one year from August 1, 1974.

"Subd. 2. The board of supervisors of any town which has adopted or desires to adopt building and zoning regulations and restrictions pursuant to law shall have the authority granted the governing body of any municipality as provided in section 394.32."

3. Minn. St. 394.32 provides:

"Subdivision 1. The governing body of any municipality may contract with the board for planning and zoning services to be provided by the county, and the contract may provide that the municipality shall pay such fees as are agreed for the services performed.

"Subd. 2. The contract between the governing body of the municipality and the board may provide among other things for joint county-municipal planning activities, or it may designate the board as the planning agency for the municipality.

"Subd. 3. The governing body of any municipality may request a county board to submit to such governing body a comprehensive plan for the municipality setting forth such provisions as the board deems applicable to the municipality and for its best interests, or to include the area within the municipality in a county-wide comprehensive plan, or to prepare official controls to apply to the area within the municipality. Notwithstanding the adoption of the comprehensive plan and recommendations for the municipality the plan and recommendations shall not be binding until official controls are

low a town to contract with the county for planning and zoning services. If a town does so contract, the county board would then be required by § 394.32, subd. 3, to enforce the town's zoning ordinances. The Town of Canosia, instead of contracting with St. Louis County, enacted its zoning ordinances independently. Because these zoning ordinances were not enacted by the county board pursuant to Minn. St. 394.21 to 394.37, we hold that the St. Louis County Board of Commissioners has no duty to enforce them.

■ 4. We consider next whether the county attorney is required by statute to enforce town zoning ordinances. The duties of the county attorney are purely statutory and are delineated in Minn. St. 388.05.[4] This statute does not require the county attorney to enforce town zoning ordinances. Minn. St. 366.16,[5] which permits the town attorney and the county attorney, among others, to enforce town zoning ordinances, does not impose a mandatory duty on the county attorney to do so.

■ The district court relied on Minn.St. 487.25, subd. 10, which provides:

*"Prosecuting attorneys.* Violations of state law which are misdemeanors or of a municipal ordinance, charter provision, rule or regulation shall be prosecuted by the attorney of the municipality where the violation is alleged to have occurred if that municipality has an attorney. All other offenses shall be prosecuted by the county attorney of the county in which the alleged violation occurred."

This subdivision, set in a statute describing pleading, practice, procedures and form in criminal proceedings in county courts, does not impose any prosecutorial duties on the county attorney. It only defines the areas of responsibility of municipal and county attorneys where a municipality has an attorney. Even were we to consider a town a municipality for the purposes of this statute, § 487.25, subd. 10, does not apply to the present case because the Town of Canosia does not employ an attorney. In the event that a municipality has an attorney to pros-

---

adopted by the municipality in accordance with the plan or until the county adopts official controls for the areas within the incorporated limits of the municipality when requested by the governing body of the municipality. *After the county adopts official controls for areas within a municipality, the county shall enforce the controls unless the county and municipality provided otherwise by agreement.* A municipality may at any time, by resolution of its governing body, take over planning functions, including adoption and enforcement of official controls, with respect to areas within its corporate limits for which a county has adopted official controls." (Emphasis added.)

**4.** Minn. St. 388.05 provides:

"The county attorney shall appear for the county in all cases in which it is a party, give opinions and advice upon the request of the county board or any county officer upon all matters in which the county is or may be interested, or in relation to the official duties of such board or officer; attend upon all terms of the district court for such county, and upon all other courts having criminal jurisdiction for the preliminary examination of persons charged with crime, when such court shall request his attendance and furnish him a copy of the complaint; attend before the grand jury upon their special request, give them legal advice, and examine witnesses in their presence, and issue subpoenas to bring witnesses before such jury or any magistrate before whom he is conduct-

ing an examination; and, at the request of the coroner, he shall attend any inquest. He shall draw all indictments and presentments found by the grand jury and prosecute the same to a final determination in the district court; and when requested by the attorney general shall appear for the state in any case instituted by the attorney general in his county, or before the United States land office in case of application to preempt or locate any public lands claimed by the state, and assist in the preparation and trial."

**5.** Minn. St. 366.16 provides:

" * * * In case any building or structure is or is proposed to be erected, constructed, reconstructed, altered, or used or any land is or is proposed to be used in violation of sections 366.10 to 366.18 or of any regulation or provision enacted or adopted by the board of supervisors of any town under the authority granted by sections 366.10 to 366.18, and such election, such board, the attorney of the county wherein such town is situated, the town attorney, the town building commissioner, or any adjacent or neighboring property owner may institute an injunction, mandamus, abatement, or any appropriate action to prevent or enjoin, abate, or remove such unlawful erection, construction, reconstruction, alteration, maintenance, or use."

ecute the statutory misdemeanors, municipal ordinances, charter provisions, rules or regulations referred to in the first sentence of subd. 10, the phrase "all other offenses" clearly refers to gross misdemeanors, felonies and those statutory violations which the county attorney is by law mandated to prosecute.

Furthermore, to interpret § 487.25, subd. 10, as imposing a mandatory duty on county attorneys to enforce town zoning ordinances would create a conflict with § 366.-16, which permits but does not require the county attorney to enforce such ordinances. Where such a conflict exists, the more specific provision, in this case § 366.16, controls. Minn. St. 645.26, subd. 1.

■ Mandamus is appropriate only when there is a clear, mandatory duty to perform. Because neither the county board nor the county attorney has such a duty, the district court erred in ordering them to enforce the Town of Canosia's zoning ordinances.

Reversed.

OTIS, J., took no part in the consideration or decision of this case.