**HAVERHILL TOWNSHIP, et al., Appellants,**

v.

**COUNTY OF OLMSTED, City of Rochester, Respondents.**

No. A03–880.

Court of Appeals of Minnesota.

Feb. 17, 2004.

Peter B. Tiede, Murnane, Conlin, White Brandt, P.A., St. Paul, MN, for appellants.

John M. Baker, Greene Espel, P.L.L.P., Minneapolis, MN, for respondent County of Olmsted.

George C. Hoff, Hoff, Barry Kuderer, P.A., Eden Prairie, MN, for respondent City of Rochester.

Considered and decided by HARTEN, Presiding Judge; PETERSON, Judge; and HUDSON, Judge.

## OPINION

PETERSON, Judge.

This appeal is from a summary judgment granted to respondent county and intervenor city in a declaratory judgment action brought by appellant townships.

## FACTS

Appellants are townships within the boundaries of respondent Olmsted County. Before October 23, 2000, all but two of the townships had entered into cooperative agreements with Olmsted County that permitted the county to enforce its official

controls within the townships.[1] On October 23, 2000, each of those townships adopted a resolution terminating its cooperative agreement pursuant to the terms of the agreement. On, or after, October 23, 2000, each of the appellant townships adopted a resolution taking over the adoption and enforcement of official controls within the township's boundaries, including areas for which Olmsted County had adopted official controls.

In April 2001, the townships filed a complaint alleging that Olmsted County has persisted in asserting its right to exercise official controls within the jurisdictions of the townships. The complaint sought a declaration of the parties' rights with respect to the adoption and enforcement of official controls and a judgment that each township has the legal capacity to adopt and enforce official controls and the county has no remaining authority to independently enforce its own official controls within the townships.

The City of Rochester was permitted to intervene in the action, and it asserted counterclaims against the townships. The townships asserted a cross-claim against the city, which was later dismissed pursuant to a stipulation. Each of the parties moved for summary judgment. The district court granted the motions by the city and the county and dismissed the townships' complaint. The court denied the townships' motion for summary judgment on their declaratory judgment claim but granted their motion for summary judgment on the city's counterclaims.

This appeal by the townships followed. The city did not seek review of the summary judgment granted the townships on the city's counterclaims.

## ISSUE

Is a township that adopts a resolution pursuant to Minn.Stat. § 394.32, subd. 3, to take over planning functions with respect to areas within the township for which a county has adopted official controls limited by Minn.Stat. § 394.33, subd. 1, to enacting official controls that are consistent with or more restrictive than the official controls adopted by the county?

## ANALYSIS

"On an appeal from summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law." *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). Statutory construction is a question of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey,* 584 N.W.2d 390, 393 (Minn.1998).

■ "In Minnesota, . . . a municipality has no inherent power to enact zoning regulations. A municipality receives power to zone only by legislative grant of authority by the state." *Costley v. Caromin House, Inc.,* 313 N.W.2d 21, 27 (Minn. 1981). "[A] municipality cannot exceed the limitations imposed by the enabling legislation." *Id.* Minn.Stat. §§ 394.21 to 394.37 (2000) grant counties authority to enact

1. " 'Official control' means legislatively defined and enacted policies, standards, precise detailed maps, and other criteria, all of which control the physical development of a municipality or a county or any part thereof or any detail thereof, and are the means of translating into ordinances all or any part of the general objectives of the comprehensive plan. Such official controls may include but are not limited to ordinances establishing zoning, subdivision controls, site plan rules, sanitary codes, building codes, housing codes, and official maps." Minn.Stat. § 394.22, subd. 6 (2000).

and enforce planning and zoning regulations. Minn.Stat. §§ 462.351 to 462.365 (2000) grant municipalities authority to enact and enforce planning and zoning regulations. Minn.Stat. §§ 366.10 to 366.181 (2000) grant towns authority to enact and enforce planning and zoning regulations.

The statutory provisions that grant counties planning and zoning authority recognize that land within a town is also within a county and provide for situations where a town and a county both act to adopt official controls that regulate the same land. In these situations, the following statutory provision applies:

> The governing body of any town including any town with the powers of a statutory city pursuant to law may continue to exercise the authority to plan and zone as provided by law, but *after the adoption of official controls for a county or portion thereof by the board of county commissioners no town shall enact or enforce official controls inconsistent with or less restrictive than the standards prescribed in the official controls adopted by the board.* Nothing in this section shall limit any town's power to adopt official controls, including shoreland regulations which are more restrictive than provided in the controls adopted by the county.

Minn.Stat. § 394.33, subd. 1 (2000) (emphasis added).

The townships acknowledge that the emphasized language in this statute limits a town's authority to adopt official controls that are different from official controls adopted by the board of county commissioners. But they argue that this limita-

tion on their authority was removed when they adopted their resolutions taking over the adoption and enforcement of official controls within their boundaries. The townships base their argument on two other provisions of the statutes that grant counties planning and zoning authority. The first of these provisions states: "The board of supervisors of any town which has adopted or desires to adopt zoning regulations and restrictions pursuant to law shall have the authority granted the governing body of any municipality[2] as provided in section 394.32." Minn.Stat. § 394.33, subd. 2 (2000). The townships contend that this statute grants towns the authority to exercise the powers of a municipality. The townships then turn to Minn.Stat. § 394.32 (2000) to determine what powers it grants municipalities.

The authority granted the governing body of any municipality by section 394.32 includes the authority to contract with the county board for planning and zoning services. Minn.Stat. § 394.32, subd. 1. The contract may provide for joint county-municipal planning activities, or it may designate the county board as the planning agency for the municipality. Minn.Stat. § 394.32, subd. 2. A municipality may also request a county to provide comprehensive planning and enforcement services. The statute provides:

> The governing body of any municipality may request a county board to submit to such governing body a comprehensive plan for the municipality setting forth such provisions as the board deems applicable to the municipality and for its best interests, or to include the area within the municipality in a countywide

---

**2.** As used in Minn.Stat. §§ 394.21 to 394.37, "municipality" means a city however orga-   nized. Minn.Stat. § 394.22, subd. 4 (2000).

comprehensive plan, or to prepare official controls to apply to the area within the municipality. Notwithstanding the adoption of the comprehensive plan and recommendations for the municipality the plan and recommendations shall not be binding until official controls are adopted by the municipality in accordance with the plan or until the county adopts official controls for the areas within the incorporated limits of the municipality when requested by the governing body of the municipality. After the county adopts official controls for areas within the municipality, the county shall enforce the controls unless the county and municipality provided otherwise by agreement. *A municipality may at any time, by resolution of its governing body, take over planning functions, including adoption and enforcement of official controls, with respect to areas within its corporate limits for which a county has adopted official controls.*

Minn.Stat. § 394.32, subd. 3 (emphasis added).

Citing the emphasized language, the townships contend that one of the powers granted municipalities by Minn.Stat. § 394.32, subd. 3, is the power to pass a resolution to take over planning functions with respect to areas within its corporate limits for which a county has adopted official controls. Therefore, the townships conclude, because they have authority to exercise the powers of a municipality, they have authority to pass a resolution to take over planning functions, and, when they passed their resolutions, they took over all authority for planning and zoning and became "vested with the statutory authority to enact and enforce official controls within their jurisdictional borders without encroachment from County controls." In

other words, when they passed their resolutions under Minn.Stat. § 394.32, subd. 3, they were no longer limited by Minn.Stat. § 394.33, subd. 1, to enacting official controls that are consistent with or more restrictive than the official controls adopted by the county. That limitation, the townships argue, applies only to townships that have not adopted a resolution taking over planning functions pursuant to Minn.Stat. § 394.32, subd. 3.

Minnesota courts have not determined whether a township that adopts a resolution pursuant to Minn.Stat. § 394.32, subd. 3, to take over planning functions with respect to areas within the township for which the county has adopted official controls remains limited by Minn.Stat. § 394.33, subd. 1, to enacting official controls that are consistent with or more restrictive than the official controls adopted by the county. But the supreme court provided significant guidance about the meaning of Minn.Stat. §§ 394.32 and 394.33 in *Scinocca v. St. Louis County Bd. of Comm'rs*, 281 N.W.2d 659 (Minn.1979).

In *Scinocca*, the St. Louis County Zoning Ordinance governed lands in the Town of Canosia before the Town Board of Canosia adopted a more-restrictive ordinance. *Id.* at 660. A dwelling was moved onto land in the town in violation of the town's ordinance. *Id.* A citation was issued, and the county court referred the matter to the St. Louis County Attorney for handling. *Id.* The county attorney refused to pursue the matter on the grounds that he did not have the authority or responsibility to prosecute town-zoning-ordinance violations. *Id.* A township resident requested the county board to authorize the county attorney to enforce the town ordinance, and when the board refused to do so, the resident sued for a writ of mandamus. *Id.*

The district court found that the town zoning ordinances were enacted pursuant to Minn.Stat. § 394.33 (1976)[3] and held that the county board had the duty to enforce the town ordinances pursuant to Minn.Stat. § 394.37, subd. 1 (1976). *Id.* The supreme court disagreed and held that the county board had no duty to enforce the town's zoning ordinances. *Id.* at 661–62. In reaching this conclusion, the supreme court examined the language in Minn.Stat. § 394.37, subd. 1, which states, "The [county] board shall provide for the enforcement of sections 394.21 to 394.37 and of ordinances and regulations made thereunder, and may impose enforcement duties on any officer, department, agency, or employee of the county." Minn.Stat. § 394.37, subd. 1. The supreme court then made the following statement, which is significant to our analysis of the issue before us:

> The ordinances and regulations referred to in [Minn.Stat. § 394.37, subd. 1] are only those adopted by the county board of commissioners.... [Minn.Stat. §§ ]394.21 to 394.37 regulate county zoning, while town zoning is regulated by [Minn.Stat. §§ ]366.10 to 366.18.
>
> [Minn.Stat. § ]394.33 is not an enabling statute which grants towns authority to enact zoning ordinances. It merely permits them to continue to zone as provided by law under [Minn.Stat. § ]366.12. [Minn.Stat. § ]394.33, in conjunction with [Minn.Stat. § ]394.32 does allow a town to contract with the county for planning and zoning services. If a town does so contract, the county board would then be required by [Minn.Stat.] § 394.32, subd. 3, to enforce the town's zoning ordinances.

*Id.* at 661–62 (citation omitted).

■ As this statement explains, Minn. Stat. § 394.33 does not grant towns au-

thority to enact zoning ordinances. Instead, it is among the statutory provisions that regulate county zoning, and within this context, it permits towns to continue to exercise the zoning authority granted by Minn.Stat. § 366.12 and, in conjunction with Minn.Stat. § 394.32, to contract with the county for planning and zoning services.

Like Minn.Stat. § 394.33, Minn.Stat. § 394.32 is among the statutory provisions that regulate county zoning. Within this context, Minn.Stat. § 394.32 grants municipalities authority to contract with a county board for planning and zoning services, and if a county adopts official controls for areas within a municipality, Minn.Stat. § 394.32 grants the governing body of the municipality authority to, at any time, take over the planning functions for areas within the municipality for which the county has adopted controls. But, just as Minn. Stat. § 394.33 is not an enabling statute that grants towns authority to enact zoning ordinances, Minn.Stat. § 394.32 is not an enabling statute that grants municipalities authority to enact zoning ordinances. Minn.Stat. § 394.32 only permits municipalities to (1) contract with a county board for planning and zoning services, (2) request a county board to provide comprehensive planning and enforcement services, and (3) take over planning functions for areas within the municipality for which the county has adopted official controls.

In claiming that Minn.Stat. § 394.33, subd. 2, grants towns the authority to exercise the powers of a municipality, the townships ignore the last phrase of the statute, which significantly limits the authority that the statute grants towns. With the last phrase, the statute says only

---

**3.** Minn.Stat. § 394.33 was amended one time after 1976. 1995 Minn. Laws ch. 254, art. 3,

§ 4. The amendment does not affect our analysis.

that a township "shall have the authority granted the governing body of any municipality *as provided in section 394.32.*" Minn.Stat. § 394.33, subd. 2 (emphasis added). As we have just explained, Minn. Stat. § 394.32 grants municipalities authority to do just three things; it does not grant municipalities general authority to enact and enforce planning and zoning regulations. Consequently, Minn.Stat. § 394.33, subd. 2, only grants towns authority to do these three things. Therefore, a town has authority to take over planning functions for areas within the town for which the county has adopted official controls, but a town that exercises this authority must perform the planning functions using the planning and zoning authority that is otherwise granted to towns by statute. Adopting a resolution to take over planning functions does not remove the limitation in Minn.Stat. § 394.33, subd. 1, that prohibits townships from enacting or enforcing official controls that are inconsistent with or less restrictive than the official controls adopted by the county.

## DECISION

When the townships adopted resolutions pursuant to Minn.Stat. § 394.32, subd. 3, to take over planning functions with respect to areas within the townships for which the county had adopted official controls, the townships did not acquire the authority of a municipality to enact and enforce planning and zoning regulations. The townships took over the planning functions, but in performing these functions, they can only exercise the authority that has been granted to townships by statute. Therefore, the townships' authority to perform the planning functions remains limited by Minn.Stat. § 394.33, subd. 1, to enacting official controls that are consistent with or more restrictive than the official controls adopted by the county.

**Affirmed.**